Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1074 | **DATE** | 8/14/2003 |
| **CASE TITLE** | UNCOMMON USA vs. WING ENTERPRISES | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   **Motion to dismiss is granted as to Counts I, II, III and IV. Enter memorandum opinion and order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | AUG 25 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 14 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| DW | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

UNCOMMON USA, INC.,

    Plaintiff,

v.

WING ENTERPRISES, INC.,

    Defendant.

AUG 2 5 2003

No. 03 C 1074
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Uncommon USA, Inc. ("Uncommon") has brought a four-count complaint against Defendant Wing Enterprises, Inc. ("Wing") for declaratory judgment regarding breach of contract (Count I); damages for breach of contract (Count II); promissory estoppel (Count III); and, tortuous interference with a business expectancy (Count IV). Wing now moves to dismiss: (1) Counts I and II on the ground that Uncommon has failed to allege the existence of a "for cause" termination provision in its oral distributorship agreement with Wing; (2) Count III for failing to allege an unambiguous promise between the parties; (3) Count IV on the ground that tortuous interference claims require some conduct directed at a third party which Uncommon has not alleged; (4) alternatively, that Counts I, II and III are barred by the Statute of Frauds; and (5) that the entire complaint should be dismissed on the ground that Uncommon is not authorized to do business in Illinois and therefore cannot maintain a claim in an Illinois court.

Factual Background

Edward C. Reeder, Sr. ("Reeder") is Co-President of Uncommon. For twenty years, Reeder has distributed Little Giant ladders for Wing, either through Uncommon or various predecessor companies. In 1997, the assets of a predecessor company, The Ladder Works, Inc.,

14

were purchased by Uncommon, and Uncommon began distribution of Little Giant ladders. At the same time, and on subsequent occasions, Reeder and representatives of both Uncommon and Wing orally agreed that Uncommon would be a distributor for Little Giant ladders. This oral agreement was to continue from year to year as such as long as Uncommon did a good job selling the Little Giant ladders. Additionally, Uncommon alleges the understanding between the parties contained a condition that the distributorship agreement was terminable only upon just cause.

In January of 2003, Wing sent a letter to Uncommon giving 90 days notice of intent to terminate the oral agreement. Prior to receiving the termination letter and in reliance of the existing oral agreement, Uncommon made numerous business plans and expenditures. Wing intends to or has begun directly selling Little Giant ladders at venues where previously only Uncommon sold Little Giant ladders.

Standard of Review

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Triad Assocs., Inc., v. Chicago Hous. Authority*, 892 F.2d 583, 586 (7th Cir. 1989). A plaintiff fails to state a claim upon which relief may be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle the plaintiff to relief. *Leahy v. Board of Trustees of Community College Dist. No. 508*, 912 F.2d 917, 921 (7th Cir. 1990). In reviewing a motion to dismiss, I must accept as true all of Uncommon's well-pleaded factual allegations, and the inferences that can reasonably be drawn from them. The relevant portions of its complaint should be dismissed if it has failed to allege any set of facts upon which relief may be granted, *Yeksigian v. Nappi*, 900 F.2d 101, 102 (7th Cir. 1990), but I need not accept as true legal allegations that the facts do not support, *Evans v. City of Chicago*, No. 01 C 6194, 2001 WL 1654769 (N.D. Ill. Dec. 20, 2001).

2

Counts I, II and III: Breach of the Oral Agreement and Promissory Estoppel

Uncommon alleges that in 1997, the parties entered into an oral agreement for the distribution of Little Giant ladders. Specifically, that the oral distributorship agreement would continue from year to year as such as long as Uncommon did a good job in selling Little Giant ladders. The Illinois Statute of Frauds requires a written contract for any agreement "that is not to be performed within the space of one year from the making thereof...." 740 ILCS 80/1.

The agreement between Uncommon and Wing existed for five years, and its apparent purpose was to perpetuate the business dealings between Uncommon and Wing from one year to the next provided Uncommon did a good job. The essence of Uncommon's complaint is that at some time prior to the year 2003, it relied on the oral agreement to continue the distributorship into the year 2003 and is now unable to generate profits it anticipated. Uncommon does not allege that the oral agreement was renewed each year or even for the year 2003. It simply states that at or about 1997 and on numerous occasions since that time, Uncommon and Wing orally agreed that Uncommon would be a distributor for Little Giant ladders. The oral agreement between Uncommon and Wing was not one that could be completed within one year of its creation and is therefore barred by the Illinois Statute of Frauds. *Hammond Group, Ltd. v. Spalding & Evenflo Companies*, 69 F.3d 845, 849 (7th Cir. 1995).

While it is possible for the partial performance doctrine to remove the oral agreement from the Statute of Frauds, Uncommon has not alleged any failure on Wing's part to compensate Uncommon for its partial performance. Uncommon argues that the statute of frauds writing requirement is excused because it performed, partially, according to the terms of the oral

3

agreement. The Illinois Supreme Court set forth the parameters of this exception in *McInerney v. Charter Golf, Inc.*, 680 N.E.2d 1347 (1997):

> A party's partial performance generally does not bar application of the statute of frauds, unless it would otherwise be "impossible or impractical to place the parties in status quo or restore or compensate" the performing party for the value of his performance. This so-called exception resembles the doctrines of restitution, estoppel and fraud, and exists to avoid a "virtual fraud" from being perpetrated on the performing party. In any event, our plaintiff has been fully compensated for the work that he performed. Accordingly, part performance-on these facts-will not take the case out of the statute of frauds.

Uncommon does not allege that it has not been compensated for distributing ladders it ordered prior to the termination of the oral agreement. Uncommon seeks only damages for lost profits had the contract been continued, not compensation for its alleged partial performance of the oral contract. Furthermore, the partial performance exception to the Statute of Frauds is an equitable doctrine. It does not apply where, as here, Uncommon seeks purely monetary relief. *Fischer v. First Chicago Capital Markets, Inc.*, 195 F.3d 279, 283 (7th Cir. 1999).

To the extent that in Count III Uncommon argues that Wing should be estopped from asserting the defense of Statute of Frauds, the argument is unpersuasive. Estoppel is available if one party has relied upon another party's misrepresentation or concealment of a material fact. *See McInerney* 680 N.E.2d at 1352. No misrepresentation has been alleged here, therefore, promissory estoppel does not bare the application of the statute of frauds. *Id.* Accordingly, I dismiss Counts I, II and III because these claims are barred by the Illinois Statute of Frauds.

Count IV: Tortuous Interference with a Business Expectancy

Uncommon's tortuous interference claim is inadequate because it fails to allege that Wing engaged in any conduct directed toward Uncommon's customers. Tortuous

4

interference claims require the tortfeasor to be a third party to the contractual or expectancy relationship. *Bass v. SMG, Inc.*, 765 N.E.2d 1079, 1089-1090 (Ill. App. 1st Dist. 2002). Furthermore, tortuous interference claims do not arise when it is alleged that a party tortuously interfered with its own contract or the business expectancy created by that contract. *Id.* Uncommon acknowledges its Amended Complaint lacks a specific allegation of conduct directed toward a third party and seeks leave to further amend its complaint. Having already amended the complaint once and failed to allege a third party in its response to Wing's Motion to Dismiss, this request is denied. Accordingly, Count IV is dismissed for failing to allege conduct directed at a third party as is required to recover under the theory of tortuous interference.

For the reasons above, Wing's Motion to Dismiss is GRANTED as to Counts I, II, III and IV.

ENTER:

James B. Zagel
United States District Judge

DATE: 14 August 2004